IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kevin Bouknight, | ) | C/A No. 3:16-210-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| KW Associates, LLC, *d/b/a KW Beverage*, *d/b/a Budweiser of Columbia*; Jim Kirkham, | ) | |
| Defendants. | ) | |

The plaintiff, Kevin Bouknight, filed this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., as well as state law claims against the named defendants.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss the Third and Sixth causes of action. (ECF No. 4.) Bouknight filed a response in opposition (ECF No. 8), and the defendants filed a reply memorandum. (ECF No. 10). Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

## BACKGROUND

This matter arises out of Bouknight's former employment with the Defendant KW Associates, LLC ("KW"). Pertinent to the resolution of the instant motion, this case stems from Bouknight's termination after he suffered a serious workplace injury and hired an attorney. Bouknight's state law claims at issue here are based on his contention that one of the reasons he was

---

[1] The defendants removed this action from the Richland County Court of Common Pleas.



terminated was for hiring an attorney, and that his termination conflicted with alleged past promises Defendant Kirkham made to Bouknight that Bouknight would have a job at KW until Bouknight was ready to retire.

## DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### B. Plaintiff's Third Cause of Action for Wrongful Termination in Violation of South Carolina Public Policy

This supplemental state law claim rests on Bouknight's assertion that the defendant terminated his employment because he hired an attorney with regard to this employment dispute. This claims fails because South Carolina has not clearly expressed such a public policy. In fact, while expressly not limiting the situations to which such a claim could apply, South Carolina courts have recognized such a claim in only two instances: (1) where the employer requires the employee



to violate the law; and (2) where the reason for the employee's termination is itself a violation of criminal law.  See Donevant v. Town of Surfside Beach, 778 S.E.2d 320, 326-27 (S.C. Ct. App. 2015).  To extend the applicability of such a claim beyond these two situations, a plaintiff would have to show a clear mandate of public policy.  See, e.g., Riley v. S. Care, Inc., C.A. No. 3:13-cv-00357-CMC, 2013 WL 1809788, at *6 (D.S.C. Apr. 29, 2013) ("Plaintiff does not direct the court to any other source of a clear mandate of public policy.  Under these circumstances, the court finds that Plaintiff's claim for wrongful termination in violation of public policy fails as a matter of law."); Smalley v. Fast Fare, Inc., No. 8:88-2185-3, 1988 WL 220237, at *2 (D.S.C. Dec. 22, 1988) ("[I]n the absence of an appropriate declaration by the South Carolina courts or the General Assembly, the Plaintiff has failed to establish any public policy of South Carolina allegedly violated by the Defendant.").

In opposing the defendants' motion, Bouknight points to various sources of South Carolina law, such as the Rules of Professional Conduct and provisions of the South Carolina Constitution, which he argues indicate that it is the public policy of the State of South Carolina to protect people who hire lawyers.  However, these sources, which address the attorney-client relationship in other contexts, do not provide the "clear mandate" courts have required to recognize a claim for wrongful termination in violation of public policy. (See generally Defs.' Reply Mem. Supp. Mot. Dismiss at 4-6, ECF No. 10 at 4-6.)  The authorities relied upon by Bouknight do not persuade the court that an exception to South Carolina's clearly expressed public policy of at-will employment exists for the situation where an aggrieved employee hires an attorney.  Cf. Taghivand v. Rite Aid Corp., 768 S.E.2d 385, 387 (S.C. 2015) (recognizing that at-will employment is the public policy of South Carolina and that exceptions to that policy should be made with "utmost circumspection" by either



the General Assembly or the South Carolina Supreme Court). And, although Bouknight argues that such a determination should not be made in the procedural context of a Rule 12(b)(6) motion, many courts have resolved such questions at the pleadings stage where, as here, the issue of South Carolina public policy presents only a question of law. See, e.g., Gray v. Am. Homepatient, Inc., No. 2:14-cv-01207-DCN, 2015 WL 892780, at *5 (D.S.C. Mar. 3, 2015); Taghivand, 768 S.E.2d at 386; McNeil v. S.C. Dep't of Corr., 743 S.E.2d 843, 847 (S.C. Ct. App. 2013).

**C.      Negligent Misrepresentation**

The defendant also correctly points out that Bouknight's claim for negligent misrepresentation must fail as a matter of law because he has conflated this claim with *fraudulent* misrepresentation, which Bouknight has not alleged. Cf. Brown v. Stewart, 557 S.E.2d 676, 681 (S.C. Ct. App. 2001) (explaining that the key difference between fraud and negligent misrepresentation is that fraud requires the conveyance of a known falsity, whereas negligent misrepresentation is grounded on the transmission of a negligently made false statement). Accordingly, the defendants are also entitled to dismissal of this claim.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion to dismiss Bouknight's Third and Sixth causes of action be granted.[2]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 19, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] If this recommendation is adopted, Bouknight's federal claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., and state law claims of workers' compensation retaliation, breach of contract, breach of contract accompanied by fraudulent act, and promissory estoppel will remain pending in this case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).